The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on March 2, 2017, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: March 2, 2017**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 16-10455 |
| | ) | |
| LIRLEAN B. McCANTS-JOHNSON, | ) | |
|     Debtor. | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| KIA SMITH, | ) | Adversary Proceeding |
|     Plaintiff, | ) | No. 16-1067 |
| | ) | |
| v. | ) | |
| | ) | Judge Arthur I. Harris |
| LIRLEAN B. McCANTS-JOHNSON, | ) | |
|     Defendant. | ) | |
| | ) | |

### MEMORANDUM OF OPINION[1]

On May 2, 2016, the plaintiff-creditor, Kia Smith, filed this adversary proceeding seeking money damages against the debtor-defendant, Lirlean McCants-Johnson, stemming from a purported self-help eviction in June 2015.

---

[1] This Opinion is not intended for official publication.

The plaintiff also seeks a determination that her claim against the debtor is nondischargeable under 11 U.S.C. § 523(a)(6). For the reasons that follow, the Court finds that the plaintiff (1) has failed to establish any of her underlying state law claims, and (2) has failed to establish that any of her underlying claims should be nondischargeable under 11 U.S.C. § 523(a)(6).

PROCEDURAL HISTORY

On November 13, 2015, the plaintiff filed a civil action in state court seeking money damages against the debtor stemming from a purported self-help eviction. (*Kia Smith v. Lirlean McCants*, Cuyahoga C.P. No. CV-15-854284 filed Nov. 13, 2015). On February 1, 2016, the debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, and the state court case was stayed before any judgment could be entered.

On May 2, 2016, the plaintiff initiated this adversary proceeding by filing a complaint alleging that the debtor engaged in an impermissible self-help eviction that caused injury to the plaintiff. The plaintiff alleges that her damages should be nondischargeable pursuant to 11 U.S.C. § 523(a)(6) because they stemmed from the debtor's willful and malicious injury to the plaintiff and the plaintiff's property. On June 28, 2016, the debtor answered the complaint denying the allegations. Pursuant to the Court's scheduling order, the parties filed joint

2

stipulations of fact on January 11, 2017, and January 16, 2017, in lieu of a trial. (Docket Nos. 13 and 19). The parties did not submit any other evidence to the Court. Although the plaintiff referenced the Cuyahoga County Common Pleas complaint, Cuyahoga C.P. No. CV 14-854284, in the joint stipulations and in her amended complaint, neither party incorporated the Common Pleas complaint in the materials submitted to the Court.

JURISDICTION

The Court has jurisdiction over this matter. A determination as to the dischargeability of a particular debt is a core proceeding under 28 U.S.C. § 157(b)(2)(I). This Court has jurisdiction over core proceedings pursuant to 28 U.S.C. §§ 157(a) and 1334 and Local General Order No. 2012-7, entered by the United States District Court for the Northern District of Ohio.

All of the plaintiff's claims against the debtor are unliquidated, *i.e.*, no court has yet fixed an amount of damages, costs, or attorney's fees. Nor has any court found that the elements entitling the plaintiff to damages, costs, or attorney's fees have been established by any burden of proof. Nevertheless, even after the Supreme Court's decision in *Stern v. Marshall*, 564 U.S. 462, 131 S. Ct. 2594 (2011), the absence of a prior judgment does not prevent a bankruptcy court from entering a final judgment that fixes the amount, if any, of unliquidated claims in

3

the context of determining the dischargeability of the underlying debt. *See* 28 U.S.C. § 157(b)(2)(B); *Hart v. S. Heritage Bank (In re Hart)*, 564 F. App'x 773 (6th Cir. 2014). Furthermore, bankruptcy courts can adjudicate *Stern* claims with the knowing and voluntary consent of all parties. *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1949 (2015). In this proceeding, both parties have consented to this Court entering a final judgment. (Docket Nos. 7 and 10).

FINDINGS OF FACT

The parties agreed to have the Court decide the claims based on their joint stipulations of fact without any witnesses or exhibits. To the extent that the Court has drawn inferences based on the parties' stipulations, any such inferences reflect the Court's weighing of the evidence. Unless otherwise indicated, the following facts were stipulated to by the parties or constitute inferences established by a preponderance of the evidence.

The parties submitted the following stipulations:

Uncontested Facts:

1. Debtor, Lirlean B. McCants-Johnson, is the owner in fee simple of the real property commonly known as 17102 Wayne Drive, Cleveland, Ohio 44128.
2. With the consent of the debtor, plaintiff, Kia Smith, resided in the single family home commonly known as 17102 Wayne Drive, Cleveland, Ohio

4

44128 from February 12, 2015, until June 18, 2015.

3. During the time period that the plaintiff resided at the 17192 Wayne Drive, Cleveland, Ohio 44128 property, debtor's adult child, Crystal McCants, also resided at the 17102 Wayne Drive, Cleveland, Ohio 44128 property.

4. During the time that the plaintiff resided at the 17102 Wayne Drive, Cleveland, Ohio 44128 property, the debtor resided elsewhere.

5. At no time did the debtor commence any proceeding in Ohio state court against the plaintiff for forcible entry and detainer.

6. The debtor filed her voluntary petition under Chapter 7 of Title 11 in this Court on or about February 1, 2016, as Case No. 16-10455.

7. The Court entered an Order of Discharge in the debtor's case on or about May 11, 2016.

8. Plaintiff commenced the within proceeding on or about May 2, 2016, seeking to except the liability of the debtor to the plaintiff from discharge pursuant to 11 U.S.C. § 523(a)(6).

9. Plaintiff was employed by Lab Support, a division of On Assignment, as a temporary full-time employee of Adecco/PPG Industries, Inc. from May 18, 2015, until June 18, 2015.

10. Plaintiff filed a civil action against the debtor on November 11, 2015, in the

Cuyahoga County Court of Common Pleas as Case No. CV-15-854284 alleging claims for self-help eviction, unlawful entry, conversion, civil theft, and trespass to chattels. Said case was stayed by the trial court on February 3, 2016, following notification of the filing of the petition under Chapter 7 by the debtor.

11. In June of 2015, the debtor and the plaintiff discussed plaintiff vacating the Wayne Drive property and agreed that plaintiff would vacate the property in July of 2015.

12. The plaintiff called the Cleveland Police Department on the morning of June 18, 2015, and reported being unable to enter the Wayne Drive property.

13. Should the Court find that the plaintiff has established by a preponderance of the evidence that the debtor's conduct directly and proximately caused the plaintiff to lose her employment, the parties stipulate that plaintiff's damages for lost wages are $9,922.50.

14. Should the Court find that plaintiff has established by a preponderance of the evidence that debtor's conduct resulted in impermissible self-help eviction of the plaintiff and that said conduct by debtor resulted in liability to plaintiff which is nondischargeable under 11 U.S.C. 523(a)(6), then the

6

parties stipulate to the following damages:

- $800.00     Motel lodging fees
- $450.00     Animal boarding fees
- $4,800.00   Lost personal property
- $665.45     Court costs
- $7,005.00   Attorney fees as authorized by [Ohio] R.C. 5321.15(c). Calculated at 46.7 hours times $150.00/hr

In addition to the above stipulated facts, the parties submitted the following contested facts:

1. Whether debtor personally removed, or directed the removal of, plaintiff's personal property from the 17102 Wayne Drive, Cleveland, Ohio 44128 property.

2. Whether plaintiff caused the door locks at the 17102 Wayne Drive, Cleveland, Ohio 44128 property to be changed on or before June 18, 2015, resulting in the plaintiff being unable to enter the 17102 Wayne Drive, Cleveland, Ohio 44128 property.

## DISCUSSION

The plaintiff asks the Court to award money damages against the debtor and to find that the award of damages is nondischargeable under 11 U.S.C. § 523(a)(6).

Validity of State Law Claims

Before determining whether the plaintiff's unliquidated claims are dischargeable under the Bankruptcy Code, the Court must first look to state law to determine the validity and fix the amount of damages, if any, to be awarded against the debtor. *See Grogan v. Garner*, 498 U.S. 279, 283 (1991) (distinguishing between creditor's burden to prove validity of a claim and nondischargeability). Here, the appropriate state law is that of Ohio because all of the alleged actions occurred in Ohio.

Because the plaintiff did not incorporate or include the underlying state court complaint in the amended adversary complaint or in the joint stipulations, it is unclear what underlying state law claims the plaintiff is alleging in this proceeding. However, the amended adversary complaint did reference a claim for self-help eviction, and the plaintiff's trial brief referenced claims for unlawful entry, willful damages, and theft. The Court will therefore construe the adversary complaint as alleging Ohio state law claims of self-help eviction, unlawful entry, willful damages, and theft.

The plaintiff, however, has not met her burden with respect to any of her state law claims. The plaintiff must prove her claims by a preponderance of the evidence. *Yelanosky v. White*, 8th Dist. Cuyahoga No. 67479, 1995 WL 32869, *1

(Jan. 26, 1995). The plaintiff failed to prove her state law claims because the stipulations and any reasonable inferences fail to establish by a preponderance of the evidence the elements of self-help eviction, unlawful entry, willful damages, or theft.

For example, self-help eviction and unlawful entry require the plaintiff to prove the existence of a tenancy. *See Stone v. Cazeau*, 2007-Ohio-6213 (9th Dist. Lorain) (noting a landlord-tenant relationship must exist to receive protection against self-help eviction and unlawful entry). The information in the stipulations is insufficient to prove a landlord-tenant relationship. The joint stipulations identify the debtor as the owner of 17102 Wayne Drive, Cleveland, Ohio and acknowledge that the plaintiff resided at this residence from February 12, 2015, until June 18, 2015. However, the plaintiff does not provide evidence that she paid rent or that the two entered into a rental agreement. *See Id.*

Similarly, the plaintiff did not provide any evidence establishing that the debtor damaged or stole her property. The plaintiff has only established that she was unable to enter the premises on June 18, 2015. The plaintiff did not submit enough evidence to prove that anyone, including the debtor, willfully damaged or stole her property. Without additional evidence, the plaintiff has failed to establish by a preponderance of the evidence any of her claims for self-help

eviction, unlawful entry, willful damages, or theft.

## Nondischargeability

Since the plaintiff has not established any of her underlying claims by a preponderance of the evidence, the Court need not address whether any claim is nondischargeable under 11 U.S.C. § 523(a)(6). However, even if the plaintiff did establish one of her state law claims, as the party contesting dischargeability, the plaintiff would still have the burden of proving by a preponderance of the evidence that the debtor's conduct was willful and malicious. *Grogan v Garner,* 498 U.S. at 291. For a debt to be nondischargeable under 11 U.S.C. § 523(a)(6), the injury must be both willful and malicious. *See In re Markowitz,* 190 F.3d 455, 463 (6th Cir. 1999); *In re Trantham,* 304 B.R. 298, 306 (B.A.P 6th Cir. 2004). A willful and malicious injury must be "a deliberate or intentional injury, not merely deliberate or intentional act that leads to injury." *Kawaauhua v. Geiger,* 523 U.S. 57, 61 (1998).

Even if the plaintiff had established one or more of her underlying claims, which the plaintiff has not, the Court finds that the plaintiff has failed to establish by a preponderance of the evidence that the debtor's conduct was willful and malicious. The joint stipulations fail to provide any evidence to suggest that the debtor did anything deliberately or intentionally. The plaintiff did not establish

that the debtor intentionally injured her. The plaintiff only showed that she was unable to enter the 17192 Wayne Drive property on June 18, 2015.

In short, without additional evidence, be it through testimony, exhibits, or further stipulations, the Court has no way of knowing what actually happened between the plaintiff and the debtor in June 2015. The debtor may well have undertaken a self-help eviction with malicious intent. Or, the plaintiff may have been a guest of the debtor with no lease or legal tenancy whom the debtor asked to leave. As the party with the burden of proof, it is incumbent on the plaintiff to provide sufficient evidence to establish the elements of at least one underlying state law claim as well as the elements for nondischargeability under 11 U.S.C. § 523(a)(6). Because the plaintiff has failed to meet her burden, the Court must enter judgment in favor of the debtor-defendant.

## CONCLUSION

For the reasons stated above, the Court finds that the plaintiff (1) has failed to establish any of her underlying state law claims and (2) has failed to establish that any of her underlying claims should be nondischargeable under 11 U.S.C. § 523(a)(6).

IT IS SO ORDERED.